IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARK DAVID BLACK EAGLE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ERIK SLETTEN,<br><br>　　　　　Defendant. | CV 17-167-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION** |

Before the Court is plaintiff Mark David Black Eagle's ("Plaintiff") Motion to Reconsider. (Doc. 4) Plaintiff seeks reconsideration of the Transfer Order (Doc. 3) entered by the U.S. District Court for the District of Columbia ("D.C. Court"), transferring this case from that district to the District of Montana.

The D.C. Court found in pertinent part that Plaintiff's Complaint (Doc. 1) does not allege any facts that would suggest the District of Columbia is a proper venue for this case under 42 U.S.C. § 2000e-5(f)(3). Specifically, the D.C. Court found that "[n]othing in the complaint shows that any relevant event occurred in the District of Columbia, or that any relevant record is maintained in the District of Columbia, or that Plaintiff would have worked in the District of Columbia but for defendant's alleged unlawful employment practices." (Doc. 3 at 1.)

Plaintiff's instant motion does not make any attempt to challenge the basis of the D.C. Court's Transfer Order or to explain what legal mistake the D.C. Court

made. Rather, Plaintiff insists that trying the case in Montana will pose an economic hardship to him, and he is concerned he will not receive a fair trial here. Regardless of the stated bases for Plaintiff's motion, the Court should deny it for any one of several reasons.

First, motions for reconsideration are governed by District of Montana Local Rule 7.3, which provides in pertinent part that no litigant may file a motion for reconsideration without leave of the court, and leave will be granted only in one of the following circumstances:

> (1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, *and*
>
> (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; *or*
>
> (2) new material facts arose or a change of law occurred after entry of the order.

L.R. 7.3(b). Here, Plaintiff has not sought leave of the Court to file the instant motion, and the Court finds that he has not established the applicability of either L.R. 7.3(b)(1) or (2).

Next, Plaintiff has not established that the District of Columbia is a proper venue under 28 U.S.C. § 1391(b). Specifically, Plaintiff has not established that any defendant resides in the District of Columbia, as necessary to find venue under § 1391(b)(1); that any events or omissions giving rise to his claim occurred in the

District of Columbia, or that any germane property is situated there, as necessary to find venue under § 1391(b)(2); or that any defendant is subject to personal jurisdiction in the District of Columbia, as necessary to find venue under § 1391(b)(3).

Finally, the Court is bound by 28 U.S.C. § 1404(a), which provides that the Court may transfer a case only to "any other district or division where it might have been brought or to any district or division to which all parties have consented." As explained above, Plaintiff has not established that this case could have been brought in the District of Columbia – notwithstanding the fact that the D.C. Court has already found that venue is not proper there – and there is no indication that any defendant has consented to the jurisdiction of that court.

For all of these reasons, any one being sufficient, the Court recommends that Plaintiff's Motion to Reconsider (Doc. 4) be **DENIED**.

//

//

//

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after receipt hereof, or objection is waived.

DATED this 20th day of August, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge